IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE OWENS, ) | |
| No. B09385, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00457-MJR |
| ) | |
| DIRECTOR IDOC, ) | |
| UNKNOWN PARTY, ) | |
| JACQUELINE LASHBROOK, ) | |
| MARCUS HARDY, ) | |
| RANDY HELLMAN, and ) | |
| PAT RINSING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Tyrone Owens is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to an alleged price-gauging conspiracy at the prison commissary.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, the defendant prison officials, and those who own and run the business that serves as the prison commissary, conspired to overcharge inmates in order to make millions of dollars in profits.  Owens describes multiple ways he has been overcharged.  For example, the soy-rich diet served at the prison forces inmates to supplement their diet with food from the commissary in order to not go hungry.  The commissary owners monitor sales and regularly increase the prices of popular items.  Multi-packs are opened and repackaged in smaller units to increase profits.  Prices are far higher than what the same item would cost outside of prison.  The commissary also sells component parts knowing they are not compatible with other items sold in the commissary.  For example, the typewriter ribbons sold are incompatible with the

typewriters sold, and an inmate who buys an incompatible ribbon cannot obtain a refund.  Plaintiff asserts that those facts "clearly prove a conspiracy."

Noting that he has made multiple complaints orally and in writing to no avail, Plaintiff contends that Defendants have acted with deliberate indifference.  Warden Lashbrook and the commissary supervisor/owner Pingerhause have respond to Plaintiff's complaints by challenging him to sue them.  Plaintiff further asserts that Lashbrook and Pingerhause have both retaliated against him, but no details are offered.  An unidentified commissary owner made a comment indicating that he was pleased that the inmates were served "that mess" because inmates then turned to commissary food.

Plaintiff generally asserts that his rights under the Eighth and Fourteenth Amendments have been violated.  He seeks compensatory and punitive damages.

## Discussion

As a preliminary matter, the Court notes that Plaintiff has another case pending in this Court that focuses on the allegation that a soy-rich diet is being served at Pinckneyville in order to drive inmates to purchase more commissary items:  *Owens v. Shah*, Case No. 15-cv-1140-JPG-PMF (S.D. Ill. amended complaint filed Nov. 4, 2015).  Upon preliminary review, certain aspects of that case were dismissed:  no colorable due process claim was found relative to the failure to respond to Plaintiff's grievances; the conspiracy claim was dismissed without prejudice; and Cantina Food Service and Warden Lashbrook were

dismissed without prejudice (Case No. 15-cv-1140-JPG-PMF, Doc. 16). About a month later, rather than amend the complaint, Plaintiff filed the present action.

As pleaded, the present complaint regarding the commissary fails to state any colorable constitutional claim and will be dismissed for the following reasons.

Increasing commissary sales is relevant to Plaintiff's case regarding the soy-rich diet because it suggests deliberate indifference to health in order to increase profits. However, overcharging for commissary items does not independently violate any constitutional right. *See, e.g., Starks v. Powers*, 102 Fed. Appx. 40, 41 (7th Cir. 2004) (noting that district court had dismissed a claim of commissary overpricing as frivolous).

Plaintiff did not allege that his money was taken without due process of law. In any event, there is no cognizable civil rights claim if the state provides an adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money.

When there is no underlying constitutional claim for a "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of

their funds. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) (conspiracy is not an independent basis of liability in Section 1983 actions). Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)). The complaint offers nothing more than an assertion that there is a conspiracy. There is no factual basis for, or suggestion of a "meeting of the minds."

Lastly, there is no colorable Eighth Amendment claim regarding the intentional infliction of cruel and unusual punishment. The supposedly exorbitant prices could be avoided by selecting the less popular items. The two items highlighted in the complaint—a typewriter and television—are certainly not edible or essential. Moreover, the list of food and clothing items and prices attached to the complaint does not readily suggest unreasonably high prices. For example, in March 2016 a honey bun costs $1.61; boots—$19.33; chips—$1.36;

peanut butter—$2.49 (Doc. 1, p. 12).  A year earlier, in March 2015, a honey bun cost 78¢; boots—$41.15 (more than in 2016); chips—$1.36; peanut butter—$2.49 (Doc. 1, p. 22).  All of these items were mentioned by Plaintiff as being overpriced.  Although the cost of a honey bun more than doubled, $1.61 cannot reasonably be characterized as price-gauging.

Although this action borders on the frivolous (which would cause Plaintiff to incur his third strike for purposes of 28 U.S.C. § 1915(g) and limit his ability to bring future actions), in an abundance of caution the complaint will be dismissed without prejudice at this juncture.  Plaintiff will be afforded an opportunity to file an amended complaint, but he is forewarned that if that pleading fails to state a claim upon which relief can be granted he will likely be given a strike.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **June 17, 2016**, Plaintiff shall file an amended complaint.  If Plaintiff opts to instead move to voluntarily dismiss this action, dismissal shall remain without prejudice and judgment will be entered accordingly.  If he fails to file an amended complaint or a motion to voluntarily dismiss, this case will be dismissed with prejudice in accordance with Federal Rule of Civil Procedure 41(b) and a strike will be assessed under 28

U.S.C. § 1915(g).

    **IT IS SO ORDERED.**

    **DATED: May 23, 2016**

                                                                          s/ *Michael J. Reagan*
                                                                          **MICHAEL J. REAGAN**
                                                                          **UNITED STATES DISTRICT JUDGE**